# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTHELL DAVID JEYS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BATRA,<br><br>　　　　　　Defendant. | Case No. 1:18-cv-01212-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF Nos. 1, 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Carthell David Jeys ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained under California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On January 9, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for violation of the Fourteenth Amendment against Defendant Batra in his individual capacity arising out of Plaintiff's medical care, but failed to state any other cognizable claims. The Court ordered Plaintiff to either file a first amended complaint or notify

1

the Court of his willingness to proceed only on the cognizable claim. (ECF No. 7.) On January 22, 2019, Plaintiff notified the Court of his willingness to proceed on the cognizable claim identified by the Court. (ECF No. 8.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.     Allegations in Complaint**

Plaintiff is currently housed at Coalinga State Hospital, where the events in the complaint are alleged to have occurred. Plaintiff names Dr. S. Batra in his individual and official capacity.

Plaintiff contends that Dr. Batra was attempting to combine two blood thinners in one type of treatment to thin Plaintiff's blood. Plaintiff was on Warfarin and Dr. Batra injected Lovacol. Plaintiff asserts that Dr. Batra overmedicated Plaintiff with blood thinners, causing Plaintiff to

have massive internal bleeding of the upper and lower GI with a massive blood clot in his right abdomen. Plaintiff contends that there is constant pain in this area down to the groin, around the lower ribs area to the middle spine.

Plaintiff further alleges that Dr. Batra will not administer any pain medication to help alleviate the stabbing pain that prevents him from sleeping. Dr. Batra reportedly gave Plaintiff excuses why he wanted to do this and had Plaintiff under observation. Dr. Batra allegedly refused to do anything when showed the hardness on Plaintiff's right side, stating that he would observe it and determine what to do later. Plaintiff could not eat and did not have an appetite, so Dr. Batra ordered a liquid diet. Dr. Batra told Plaintiff that if he vomited blood, then Dr. Batra would deal with it. Plaintiff vomited dried blood, called coffee grounds, which warns doctors that there is internal bleeding. Plaintiff was rushed to Fresno Community Hospital, where he was given three pints of blood. Plaintiff asserts that Dr. Batra attempted to commit murder.

Plaintiff further alleges that Dr. Batra neglected to follow the directions of any drug book about not combining blood thinners. He caused Plaintiff to suffer internal bleeding for at least one month before Plaintiff vomited up dried blood and was rushed to the hospital. Dr. Batra ordered nurses to help him with injections of two separate doses each of 100 mg twice a day, along with a 400 mg tablet each day. Dr. Batra refused to listen to Plaintiff about discomfort and increasing pain. Plaintiff lost weight and continues to lose weight because he still has no appetite.

In his request for relief, Plaintiff asks for a discharge, medications issued by a non-state employee, a monthly stipend, and removal of Dr. Batra from the facility.

**IV.     Discussion**

   **A.     Official Capacity**

Plaintiff is attempting to bring suit for monetary damages against Defendant Batra in his individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir.

2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991).

Thus, Plaintiff may only proceed against Defendant Batra for monetary damages in his individual capacity, and any request for injunctive relief is now moot as the behavior complained of, i.e., the administration of two blood thinners, has ceased.

### B. Medical Care

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the constitution, a detainee plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321–22). Thus, to avoid liability, a defendant's medical decisions regarding the plaintiff's treatment must be supported by "professional judgment." Youngberg, 457 U.S. at 321; see also Robinson v. Sziebert, 740 Fed.App'x. 614, 615 (9th Cir. 2018) (noting Fourteenth Amendment professional judgment standard applies to civil detainees). A defendant fails to use professional judgment when her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] did not base [her] decision on such a judgment." Id. at 323.

In determining whether a defendant has met his constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323.

At the pleading stage, Plaintiff's allegations suggest that Dr. Batra's actions departed from accepted professional judgment, practice or standards. Plaintiff asserts that Dr. Batra improperly

combined blood thinners and did not follow the directions of a "drug book" in doing so. Dr. Batra's actions resulted in internal bleeding and injury to Plaintiff. The Court therefore finds that Plaintiff states a cognizable medical care claim under the Fourteenth Amendment against Dr. Batra in his individual capacity.

### C. Habeas Corpus

Plaintiff requests release from confinement. However, if Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Simpson v. Ahlin, No. 1:15-cv-01301-BAM (PC), 2016 WL8731340, at *2 (E.D. Cal. Sept. 16, 2016) (petition for writ of habeas corpus exclusive method for civil detainee to challenge the validity of his continued commitment).

## V. Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim for violation of the Fourteenth Amendment against Defendant Batra in his individual capacity arising out of Plaintiff's medical care, but fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed September 7, 2018, (ECF No. 1), against Defendant Batra for violation of the Fourteenth Amendment arising out of Plaintiff's medical care; and
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2019**　　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE